# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DARRALYN C. COUNCIL,

        Plaintiff,

v.                                      Case No:   6:17-cv-1343-Orl-18KRS

EQUIFAX, EXPERIAN, TRANSUNION
and GOLD KEY CREDIT, INC.,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **July 21, 2017** |

## I.    PROCEDURAL HISTORY.

On July 21, 2017, Plaintiff Darralyn C. Council filed this action against Defendants Equifax, Experian, Transunion, and Gold Key Credit, Inc.  Doc. No. 1.  In the complaint, Council alleges that Defendants have violated the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.* ("FTC Act"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

Council alleges that Defendants are "debt collectors" and credit reporting agencies ("CRAs"), and that, as part of their debt collecting activities, Defendants furnish information to

CRAs.  Doc. No. 1, ¶ 9.  According to Council, Defendants provide collection services to regional and national credit grantors and regularly attempt to collect debts by contacting consumers by telephone.  *Id.* ¶¶ 12-13.  Defendants routinely receive complaints from consumers who claim that they do not owe a debt, either because Defendants have contacted the wrong person or because the debt has previously been satisfied.  *Id.* ¶ 15.  In many instances, consumers notify Defendants that Defendants are reporting inaccurate information about the consumers' credit to the CRAs. Nevertheless, Defendants have continued to report inaccurate information to CRAs even after receiving such notices and accompanying proof from consumers.  *Id.* ¶ 16.

Consumers dispute the information appearing on their credit reports by notifying the CRAs in writing.  Defendants receive most notices of such disputes in electronic format, through automated consumer dispute verification ("ACDV") forms.  *Id.* ¶ 17.  Pursuant to § 623(b)(1) of the FCRA, Defendants are required to conduct investigations of disputed information upon receiving notice of a dispute.  *Id.* ¶ 18.  For certain types of disputes, such as where a consumer claims the account is not his or hers or belongs to someone with a similar name, Defendants' policy and practice is only to compare the name, social security number, date of birth, and address in their databases with the information provided on an ACDV form.  If three of those four items match, Defendants will report to a CRA that they have verified the information they furnished as accurate. Only after a consumer has alleged the same type of inaccuracy more than four times will the matter be assigned to a supervisor for further investigation.  Because Defendants collect accounts that are often old, information in their databases may not be accurate for a variety of reasons.  *Id.* ¶ 19.  In disputes involving allegations of identity theft or fraud, Defendants' policies provide that if the existing account codes and notes in their records do not contain any reference to a prior claim of

fraud, they will verify the previously reported information without first conducting an investigation. *Id.* ¶ 20.

Council alleges that in numerous instances, despite receiving written or oral notifications from consumers disputing the accuracy or completeness of alleged debts, Defendants have continued to characterize the debts as owed by the consumers and have continued to furnish information as CRAs without communicating that the information was disputed by the consumers. *Id.* ¶¶ 21-22. Council contends that Defendants' conduct constitutes violations of the FTC Act, FCRA, and the FDCPA. Council thus seeks (1) a permanent injunction to prevent further violations of these acts; (2) relief to redress his injury, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement of ill-gotten gains; (3) monetary damages for each violation of the FCRA; (4) monetary damages for each violation of the FDCPA; and (5) any other additional relief the Court determines to be just and proper.

Council filed a motion to proceed *in forma pauperis* (Doc. No. 2), which has been referred to the undersigned for issuance of a Report and Recommendation. The motion is now ripe for review.

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-

matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III. ANALYSIS.

The allegations of the present complaint are insufficient for the Court to conduct the required § 1915(e) analysis. In the complaint, Council alleges violations of FTC Act, FCRA, and the FDCPA. However, Council does not allege facts showing how each defendant violated any of his rights under these statutes. Rather, by generally alleging Defendants' conduct toward "consumers," Council appears to be bringing an action on behalf of all people wronged by Defendants rather than alleging facts about how he was harmed. Federal law permits individuals to conduct "their own cases" but it does not permit an individual who is not an attorney to represent the interests of others. *See, e.g., Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).

Under these circumstances, the Court has the authority to require Council to file a more definite statement in the form of an amended complaint before considering the merits of the motion to proceed *in forma pauperis*. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n. 6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011)). For Council to

properly allege his own claims against Defendants, in the amended complaint he must allege facts sufficient to show that he complained to each of the defendants about alleged inaccuracies concerning his debts or credit and that each defendant failed to properly address his complaints.

I therefore **RESPECTFULLY RECOMMEND** that the Court require Council to file an amended complaint. If Council is required to file an amended complaint, he must set forth each claim arising from a statute, common law provision, or constitutional provision in a separate count of the complaint. Fed. R. Civ. P. 10(b). He should clearly describe how each named defendant is involved in each of the alleged violations of his rights. Council must allege some causal connection between each Defendant named and the injury Council allegedly sustained. Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Council rights or directed such action and/or omission that resulted in such deprivation. Finally, Council must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)) with respect to each claim.

## IV.  RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2) and give Council leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*. I further **RECOMMEND** that the Court advise Council that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 8, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy